IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY DEAN ANDERSON, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv780 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Terry Dean Anderson, Jr., represented by counsel, filed the above-numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

In the instant § 2241 petition, Petitioner challenges the validity of his arrest and pending federal indictment for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), filed in the Western District of Texas, Del Rio Division. *See United States v. Anderson*, No. 2:22-cr-01449-AM (W.D. Tex.).

A § 2241 petition attacks the manner in which a sentence is executed. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Petitioner has not yet been sentenced; therefore, a § 2241 petition is premature and not the proper procedural vehicle in which to raise his claims. Rather, all of Petitioner's instant challenges are available to be raised in his pending criminal proceeding or any subsequent appeal or collateral challenge. Accordingly, they are not appropriate bases for the exceptional relief he seeks. The Supreme Court established long ago that criminal defendants should pursue the remedies available to them within the criminal action, rather than through the

1

extraordinary remedy of habeas corpus. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 (1905) (vacating order granting habeas corpus relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and appeal). Federal courts, including the United States Court of Appeals for the Fifth Circuit, continue to follow this rule. *See Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988) (holding § 2241 was not "an appropriate remedy for pretrial detention" where the detention could be challenged under the Bail Reform Act, 18 U.S.C. § 3145, and other claims, including ineffective assistance of counsel and insufficient evidence to convict, could be pursued "at a later date" through direct appeal or collateral attack under 28 U.S.C. § 2255); *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial"); *Herndon v. United States*, No. CV 6:22-219, 2022 WL 2865866, at *2 (E.D. Tex. June 16, 2022) ("[A]bsent special circumstances not present in this case, federal pretrial detainees should not file civil Section 2241 actions to challenge their detention or other pretrial matters because other remedies are available to them in the ordinary course of their criminal cases."), *report and recommendation adopted*, No. 6:22-CV-219-JDK-KNM, 2022 WL 2841485 (E.D. Tex. July 20, 2022).

Petitioner can pursue other remedies available to him within the criminal action pending in the Western District of Texas, Del Rio Division. This court does not have jurisdiction over Petitioner's criminal case pending in the Western District of Texas, Del Rio Division. Further, since the Petitioner did not raise any exceptional circumstances, the court does not have

the authority to override the pending criminal case in another district through a civil habeas corpus proceeding.

### RECOMMENDATION

It is accordingly recommended the above-styled petition filed under 28 U.S.C. § 2241 be dismissed without prejudice to Petitioner's ability to raise his claims within his pending criminal case and any subsequent challenges to it.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 3rd day of July, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE